IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:20-CR-00005-M-2
Case No. 2:22-CV-00034-M

TIMOTHY MARK HARRON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on the United States' Motion to Dismiss Petitioner's Section 2255 Petition to vacate, set aside, or correct his sentence (the "Petition") [DE 151]. The court finds that the Petition, the United States' Motion, and the record in this case conclusively show that Petitioner is entitled to no relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the reasons that follow, the United States' Motion to Dismiss is granted and the Petition [DE 144] is denied.

I. **Background and Procedural History**

Petitioner and his wife were named in a seventy-five (75) count indictment charging them with, inter alia, conspiracy to commit health care fraud and wire fraud, aggravated identity theft, and money laundering. *See generally* DE 22 (superseding indictment). Their scheme targeted North Carolina's Medicaid Program by billing the program for fraudulent health services they never rendered to individuals who were dead. DE 148 at 25-32. Relevant here, Petitioner's wife (and co-defendant) pleaded guilty pursuant to a plea agreement in November 2020. *See* DE 60 (minute entry reflecting guilty plea); DE 61 (Plea Agreement). Approximately five months later,

1

in April 2021, Petitioner also pleaded guilty. *See* DE 87 (minute entry reflecting guilty plea); DE 88 (Plea Agreement). Petitioner was ultimately sentenced to 144 months in custody and ordered to pay over $4 million in restitution. DE 114; DE 116.

Petitioner now collaterally attacks his sentence on the grounds that he received ineffective assistance of counsel because his "[a]ttorney told [him] that his wife could be compelled to testify against him." DE 144 at 2. According to Petitioner, that advice was "not true." *Id.* As a result, Petitioner allegedly "was . . . not properly prepared to decide whether to accept the plea deal." *Id.* Petitioner also contends that he received enhancements at sentencing "for 'a Felon in Possession of a Firearm' & RICO charges that he was not convicted of." *Id.* As a consequence, Petitioner seeks vacatur or modification of his sentence. *See id.* at 3.

The United States then filed the Motion to Dismiss (and memorandum in support), in which it argued that Petitioner did not receive ineffective assistance of counsel because his counsel's "advice was legally correct." DE 152 at 7 (citing *United States v. Squillacote*, 221 F.3d 542 (4th Cir. 2000)). The United States adds that, even if the advice was incorrect, Petitioner failed to identify any resulting prejudice. *See id.* at 7-9. As for the purported firearm and RICO enhancements, the United States asserts that the Judgment in Petitioner's case refutes his allegation. *Id.* at 9-10. Finally, the United States avers that Petitioner's Plea Agreement precludes the Petition, and that his claims were procedurally defaulted. *Id.* at 10-15.

Petitioner replies that the United States' argument based on *Squillacote* misses the mark because his counsel reportedly told him that his wife could be compelled to testify ***against him***, not merely that she could be compelled to testify. DE 164 at 1. Petitioner further argues that he sufficiently alleged prejudice, given the liberal construction afforded to pro se filings. *Id.* at 2. Petitioner also contends that the misinformation regarding his prior charges was "presented to the

2

court," so it must have factored into his sentence. *Id.* at 2-3. Finally, Petitioner argues that his Plea Agreement does not bar the Petition because it "specifically exempts" ineffective assistance of counsel claims and his claim was not procedurally defaulted because he only learned of its viability "until a direct appeal was foreclosed and time barred." *Id.*

## II. Analysis

Section 2255 provides that habeas relief should be awarded when:

the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). Once the petitioner has made this showing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) (quoting § 2255(b)).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

3

a. Ineffective Assistance of Counsel

A claim for ineffective assistance of counsel requires a showing of both "deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Deficient performance means that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Discerning this objective standard entails consideration of "professional norms." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023).

Prejudice is shown if, but for the deficient performance, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Given the nuance involved in pretrial negotiations, courts strictly apply the *Strickland* standard when evaluating claims for ineffective assistance of counsel at the plea-bargaining stage, and properly exercise their "limited role" with "judicial caution." *Premo v. Moore*, 562 U.S. 115, 125 (2011). "In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Bruff*, 414 F. App'x 539, 540 (4th Cir. 2011) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The adverse spousal testimonial privilege "prevents one spouse from being compelled to testify against the other." *Kalu v. United States*, No. 5:09-CR-61-1, No. 5:12-CV-142, 2013 WL 2122578, at *3 (E.D.N.C. May 15, 2013). "This privilege is held by the testifying spouse." *United States v. Hall*, 989 F.2d 711, 716 n.8 (4th Cir. 1993).[1] Because "the witness-spouse alone has a

---

[1] Conversely, the marital communications privilege is held by the defendant "and prevents a spouse from testifying against the defendant regarding confidential communications between the spouses." *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995). However, this privilege does not apply to "communications [that] have to do with the commission of a crime in which both spouses are participants." *United States v. Parker*, 834 F.2d 408, 411 (4th Cir.

4

privilege to refuse to testify adversely [and] may be neither compelled to testify ***nor foreclosed from testifying***," *Trammel v. United States*, 445 U.S. 40, 53 (1980) (emphasis added), it follows that the witness-spouse may waive the privilege, *see Cullen v. Pinholster*, 563 U.S. 170, 199 n.18 (2011); *Kalu*, 2013 WL 2122578, at *3.

In limited circumstances, the government may compel a spouse to testify even where the witness-spouse has not waived the adverse spousal testimonial privilege. However, in those circumstances, the government must "eliminate[] the possibility that the testimony will be used to prosecute the witness's spouse." *In re Grand Jury*, 111 F.3d 1083, 1087 (3d Cir. 1997). In other words, "a spouse asserting the adverse spousal testimony privilege . . . may be compelled to testify if the prosecutor gives an adequate promise that the information will not be used against the other spouse." *Squillacote*, 221 F.3d at 559; *accord Grand Jury Subpoena of Ford v. United States*, 756 F.2d 249, 254 (2d Cir. 1985) (holding that "the government's promise not to use any of the witness-spouse's testimony . . ., either directly or indirectly, against the non-witness spouse, is sufficient to meet the claim of privilege").

In consideration of those principles, Petitioner's claim of ineffective assistance of counsel fails as a matter of law, albeit not on the basis proffered by the United States. As Petitioner correctly observes in his reply, *Squillacote* permits compulsion of a spouse's testimony on the express condition that said testimony is not used against the other spouse. DE 164 at 1; *Squillacote*, 221 F.3d at 559. Petitioner's concern was precisely that, and his counsel allegedly informed him

---

1987). Moreover, this privilege "extends only to utterances, and not to acts." *Pereira v. United States*, 347 U.S. 1, 6 (1954). Because the Petition addresses whether Petitioner's wife could be compelled to testify against him, not whether she could testify as to certain matters, it implicates the adverse spousal testimonial privilege, not the marital communications privilege. Further, the marital communications privilege would not apply in this matter because Petitioner and his wife were co-conspirators (and co-defendants). *See Parker*, 834 F.2d at 411.

5

that his spouse "could be compelled to testify *against him*." DE 144 at 2 (emphasis added). *Squillacote* would not render such advice legally correct, as the United States contends.

However, the court finds that Petitioner's wife could be compelled to testify against him, for an alternative reason.[2] Her Plea Agreement expressly obligated her "to disclose fully and truthfully in interviews with Government agents information concerning all conduct related to the Superseding Indictment and any other crimes of which the Defendant has knowledge, and (2) to testify fully and truthfully in any proceeding." DE 61 at 4. As noted previously, Petitioner's wife entered into her Plea Agreement five months before Petitioner. *Compare* DE 61 at 12 (bearing signature date of November 18, 2020), *with* DE 88 at 13 (bearing signature of February 22, 2021 but approval date of April 22, 2021).

Because Petitioner's wife held the adverse spousal testimonial privilege (as to testimony against Petitioner), she could not be "foreclosed from testifying." *Trammel*, 445 U.S. at 53. Likewise, she could waive the privilege. *See Cullen*, 563 U.S. at 199 n.18; *Kalu*, 2013 WL 2122578, at *3. So long as her Plea Agreement remained in effect, she remained obligated "to disclose fully and truthfully . . . information concerning all conduct related to the Superseding Indictment" including by "testify[ing] fully and truthfully in *any* proceeding." DE 61 at 4 (emphasis added). As a result, when Petitioner entered into his Plea Agreement (months after his wife), she could have been compelled to testify against him, pursuant to the terms of her Plea Agreement. Thus, the advice Petitioner received from his counsel was correct as a matter of both fact and law.

---

[2] The court is authorized to consider the complete underlying record when considering a motion to dismiss. *See, e.g.*, *Brown v. Kendall*, No. 22-CV-410, 2023 WL 2648781, at *1 (D. Md. Mar. 27, 2023); *Squires v. United States*, No. 4:11-CR-7, 2014 WL 5336493, at *2 (E.D.N.C. Oct. 20, 2014); *Abreu v. DeRosa*, No. 7:03-CV-00456, 2003 WL 24180221, at *1 (W.D. Va. July 21, 2003), *aff'd*, 82 F. App'x 79 (4th Cir. 2003).

Providing accurate information to one's client does not "f[a]ll below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Quite the contrary; an attorney holds a duty to "refrain from unreasonably providing incorrect advice." *Padilla v. Kentucky*, 559 U.S. 356, 375 (2010) (Alito, J., concurring); *see also United States v. Jones*, No. 3:09-CR-203, 2015 WL 3456591, at *6 (E.D. Va. May 29, 2015) (finding no deficient performance where counsel did not "provide[] materially incomplete or inaccurate advice in conjunction with the discussion of whether [the defendant should] plead guilty"). Or, as articulated by another court, "it cannot amount to ineffective assistance of counsel for an attorney to correctly advise petitioner of [certain matters] that are in fact accurate at the time the advice [i]s given." *Boyd v. United States*, No. 3:14-CV-00199, 2015 WL 506481, at *4 (W.D.N.C. Feb. 6, 2015), *adhered to on reconsideration*, No. 3:14-CV-00199, 2015 WL 1234960 (W.D.N.C. Mar. 17, 2015). Here, the advice Petitioner received was accurate when given.

The court further finds that, even if the advice Petitioner received from his counsel was incorrect when given (though the relevant procedural history strongly suggests the opposite), Petitioner cannot establish prejudice because there is not a reasonable probability that, had he not received the advice, he would have instead "insisted on going to trial." *Bruff*, 414 F. App'x at 540 (internal quotation mark omitted). When evaluating what constitutes a reasonable probability, Petitioner's "subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).

The court finds that proceeding to trial would not have been objectively reasonable because the evidence of Petitioner's guilt was overwhelming. At his arraignment, the Assistant United States Attorney proffered an exhaustive factual basis that conclusively establishes Petitioner's guilt

7

of the charges to which he pleaded guilty. DE 148 at 25-32. Other than one minor correction to the year in which Petitioner became involved in the fraud scheme, he raised "[n]o other objections" to the factual basis. *Id.* at 33. Petitioner's Presentence Investigation Report ("PSR") also provided a detailed overview of his fraud scheme. DE 112 at 6-16. Notably, although Petitioner objected to one sentencing enhancement, he also "concede[d] that he understood the illegality of the fraudulent billing scheme" in which he was a willing participant. *Id.* at 28. In light of all the evidence in this case, proceeding to trial would not have been objectively reasonable. Therefore, even if Petitioner's counsel provided ineffective assistance, Petitioner cannot demonstrate prejudice.

Since the Petition has failed to identify any deficient performance by Petitioner's counsel, nor any resulting prejudice, it has failed to show ineffective assistance of counsel. *See Strickland*, 466 U.S. at 688. As for this claim, then, "the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). The court will therefore grant the Motion to Dismiss and deny the Petition as to the ineffective assistance of counsel claim.

b. Sentencing Enhancements

Petitioner also contends that he received a sentencing enhancement "for 'a Felon in Possession of a Firearm' & RICO charges that he was not convicted of." DE 144 at 2. As support, Petitioner attaches as an exhibit a one-page printout of "Sentence Monitoring Computation Data" which notes that, in 2011, he was charged with various offenses, including "Felon in Possession of a Firearm." DE 144-1 at 1. This aspect of the Petition fails for several reasons.

First, the exhibit does not reflect a "charge" for "RICO." DE 144 at 2. Rather, the reference to "Racketeering" on the exhibit is a reference to the title of Chapter 95 of Title 18 of the United States Code, the chapter under which the majority of Petitioner's 2011 charges were contained.

8

*See* 18 U.S.C. ch. 95 (entitled "Racketeering"). Second, Petitioner was in fact charged with possession of a firearm as a felon in 2011. *See United States v. Harron*, Case No. 1:11-CR-00889 (S.D.N.Y. 2011), DE 34 at 7 (Superseding Information reflecting such charge). Third, this exhibit, which is incomplete, does not appear anywhere on Petitioner's docket, nor was it before the court during Petitioner's sentencing. Fourth, Petitioner's PSR, Judgment, and Statement of Reasons all refute the notion that he received a sentencing enhancement for RICO or felon in possession charges. *See, e.g.*, DE 112 at 18 (PSR reflecting three criminal history points for 2011 felony convictions for Conspiracy to Commit Wire Fraud, Wire Fraud, Conspiracy to Commit Money Laundering, and Money Laundering, but not RICO or gun charges), 23 (including no enhancements for such charges), DE 116 at 3 (Judgment reflecting sentence within the Sentencing Guidelines range), DE 117 at 1 (Statement of Reasons indicating removal of one enhancement, but not addition of any enhancement for gun or RICO charges).

Finally, and most importantly, this court conducted Petitioner's sentencing hearing. The court remembers that hearing, and unequivocally did not enhance Petitioner's sentence for the charges about which Petitioner now complains. In short, this court's "recollection of the events at issue [] enable [it] summarily to dismiss [this portion of the] § 2255 motion." *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977).

As explained previously, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to" motions to dismiss a habeas petition. *Walker*, 589 F.3d at 138. One of those familiar standards is that the operative pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a petition's "bare assertions devoid of further factual enhancement" do not suffice. *Nemet*

9

*Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Petitioner's contention that he received a sentencing enhancement for RICO and gun charges, when the record both lacks any corroborating evidence and contains ample evidence to the contrary, constitutes the sort of bare assertion that the court need not accept as true at the motion to dismiss stage. In fact, the court expressly rejects it as false.

In sum, the court's review of the Motion to Dismiss and underlying record has "conclusively show[n] that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b). The court further finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, 580 U.S. 100, 122 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The court therefore denies a certificate of appealability.

### III. Conclusion

Petitioner's claim of ineffective assistance of counsel fails as a matter of law, and his claim that he received improper sentencing enhancements is disproven by the record. The court thus GRANTS the United States' Motion to Dismiss [DE 151], DENIES Petitioner's Section 2255 Petition [DE 144], and DENIES a certificate of appealability.

SO ORDERED this 13th day of June, 2024.

/Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE